**UNITED STATES of America ex rel. Robert McCRAY, H-5637, Appellant,**

v.

**A. T. RUNDLE, Sup't.**

No. 18285.

United States Court of Appeals, Third Circuit.

Argued Feb. 3, 1970.

Decided Feb. 26, 1970.

David Kanner, Kanner, Stein, Feinberg & Barol, Philadelphia, Pa., for appellant.

David Richman, Asst. Dist. Atty., Philadelphia, Pa. (James D. Crawford, Deputy Dist. Atty., Chief, Appeals Division, Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before FREEDMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This appeal from a refusal of habeas corpus relief requires us to decide whether there was a denial of due process in the consolidation of three indictments for trial before a Pennsylvania judge sitting without a jury.

Appellant had been indicted at 240 April Sessions, 1965 for corrupting the morals of two minor girls and at 241–242 April Sessions, 1965 for statutory rape and corrupting the morals of a third minor. After unsuccessfully moving to sever the trial of Indictment No. 240 appellant waived jury trial on the consolidated indictments. At the conclusion of the Commonwealth's case, the court refused a defense request for a continuance for the purpose of obtaining witnesses and the defense rested without presenting evidence. An adjudication of guilty on all three indictments followed.

The Commonwealth then presented evidence of appellant's past criminal convictions for consideration by the court in sentencing. At this point, however, the proceedings were interrupted by the belated appearance of the defense witnesses; whereupon the court, *sua sponte*, vacated the adjudications, reopened the cases, and permitted the appellant to present testimony. At the conclusion of the defense, the appellant was adjudicated not guilty at Indictment No. 240 and found guilty of the other charges.

Appellant first argues that, having asked for a severance, he was denied due process in the consolidation of the indictments at the non-jury trial. The short answer to this is that under Pennsylvania law, the waiver of a trial by

jury requires the consent of both defense counsel and the defendant.[1] Had appellant seriously objected to the consolidation of the indictments it would have been a simple matter for him to have insisted upon a jury trial on any of the indictments. This would have brought about the severance.[2] Moreover, having been acquitted in the trial on Indictment No. 240, the offense which he sought to sever, the appellant can scarcely show prejudice in having been tried on the other two indictments which related to a single factual complex.

 We turn next to appellant's contention that he was denied due process by the introduction of his criminal record prior to what eventually became the final adjudication of the court. The record was offered for the limited purpose of sentence considerations. This court has recently noted that "no matter how many prior convictions are involved, their recitation to the jury is immaterial as long as the jury is charged that this evidence is to be considered only with respect to the penalty imposed in the event that the jury finds the defendant is guilty of the crime with which he is charged." United States ex rel. Bolish v. Maroney, 409 F.2d 1404, 1405 (3 Cir. 1969), citing Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) and Rundle v. Johnson, 386 U.S. 14, 87 S.Ct. 847, 17 L.Ed.2d 695 (1967). See also United States ex rel. Williams v. Rundle, 299 F.Supp. 1371 (E.D.Pa.1968), aff'd. 411 F.2d 794 (3 Cir. 1969). If a jury is permitted to make such a delicate discrimination, *a fortiori*, a judge, trained in the law of evidence and much more sensitive to the nuances of legal principles must be presumed to have extended to this evidence only that consideration which was appropriate for sentencing.

In light of the trial court's not-guilty adjudication on Indictment No. 240, it seems obvious that this was done here.

 Appellant contends, however, that once having made the adjudications of guilty on the indictments, the trial judge was without authority to reopen the cases to receive the additional testimony. We do not construe the procedure employed here as so fundamentally unfair as to constitute the denial of due process. It involves, at most, an interpretation of state procedural law not of federal constitutional dimensions. As such, it is not a proper subject of review in federal habeas corpus proceedings. 28 U.S.C.A. § 2254.

The judgment of the district court will be affirmed.

---

1. "In all criminal cases, except murder and treason, the defendant shall have the privilege, with the consent of his attorney of record, the judge and the district attorney, to waive trial by jury. Such waiver must be in writing, signed by the defendant, and shall operate as an election by the defendant to be tried by a judge without a jury." 19 Purd.Stat. Anno. § 786.

2. This is precisely what he did in the jury trial of another indictment which was tried during the same week in the same courtroom with the same judge presiding.